**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**JIMMY KINSLOW,**

      **Plaintiff,**

**vs.**                         **Case No. 4:10cv440-SPM/WCS**

**THE FLORIDA DEPARTMENT OF**
**CORRECTIONS, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, filed an amended complaint and a motion for a temporary restraining order or, in the alternative, an expedited preliminary injunction, doc. 9, and an affidavit, doc. 10. In a separate order entered this day, Plaintiff has been directed to submit service copies of the amended complaint, which is deemed sufficient to state a claim. This report and recommendation concerns the motion for a temporary restraining order or expedited preliminary injunction.

Plaintiff's claims concern his inability to freely practice his religious beliefs. Plaintiff is a follower of a traditional Native American religion. Plaintiff seeks to be in possession of a personal Sacred Pipe, to lead and conduct the Sacred Pipe Ceremony

unassisted or supervised, to participate in the Smudging ceremony, and to be provided a sweat lodge to conduct his religious activities.  Doc. 9.

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).  Guiding this discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

In this case, it cannot be said that Plaintiff faces a "substantial likelihood of success on the merits."  In this Circuit, several Native American religion cases have resulted in rulings against Plaintiff's claims.  *See* Brunskill v. Boyd, 141 Fed.Appx. 771, 2005 WL 1208632 (11th Cir. 2005) (affirming decision from this Court granting summary judgment in favor of the Department of Corrections on Native American prisoner's claims challenging hair length policy, and denial of certain religious materials); Smith v.

McDonough, 2007 WL 1796264, 4 (M.D.Fla. 2007) (upholding hair length restriction in challenge by Rastafarian inmate as least restrictive means) (citing Hamilton v. Schriro, 74 F.3d 1545, 1554-55 (8th Cir.1996) (finding prison hair length rule applicable to Native American, for similar reasons); Phipps v. Parker, 879 F.Supp. 734 (W.D.Ky.1995) (finding prison hair length rule applicable to orthodox Hasidic Jew, for similar reasons); *see also* Martinelli v. Dugger, 817 F.2d 1499, 1506 (11th Cir. 1987) ("A similar conclusion is required as to the hair length rules because they serve the same interests as the no beard rule."), *cert. denied*, 484 U.S. 1012 (1988); Harris v. Chapman, 97 F.3d 499, 503 (11th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997); Maimon v. Wainwright, 792 F.2d 133 (11th Cir. 1986). In light of these cases, it cannot be said that Plaintiff has a substantial likelihood of success. This case may provide the occasion to re-evaluate the policies and rules in light of changed circumstances, different evidence presented, and the like. I do not infer that Plaintiff's claims *cannot* succeed, only that a substantial chance of success is not present.

Because Plaintiff has not met all four prerequisites for injunctive relief, the instant motion must be denied. Plaintiff has not demonstrated a substantial likelihood of success on the merits.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion

for a temporary restraining order or in the alternative, an expedited preliminary

injunction, doc. 9, be **DENIED** and this case **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 6, 2010.


 s/      William C. Sherrill, Jr.              
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**